By the Court.
By will made in a. d. 1850, Ethan Stone gave and devised “to the township of Storrs ” certain leasehold lots, upon the following express conditions and trusts, to wit:
“ That the said township of Storrs shall pay to the Trustees of the Ministerial Section for Cincinnati township, forty dollars per -annum, as the* same shall become due, as rent on my lease for said fractional section twenty-nine, forever; and that the said Storrs township shall also pay to the ‘ Cincinnati Orphan Asylum ’ one hundred dollars per annum forever; and to the ‘ Society for the Relief of Aged and Indigent Females’ sixty dollars per annum forever; and that the rest and residue of said annual income, being about one thousand dollars per annum, the said township of Storrs shall hold in trust, one half thereof for the support of the Protestant Religion in said township, and one half *279 thereof for the support of one or more protestant schools on said fractional number twenty-nine. And that to avoid disputes or any division of the fund thus devoted to the support of religion it shall be decided once in every ten years by a vote of all the Protestant Communicants of said township, who may choose to vote, to what denomination of Protestant Christians said fund shall be appropriated for the ten years next ensuing said election.”
The will was duly admitted to probate in 1852, and the trustees of Storrs’ township, by resolution, on May 2, 1858, accepted the devise, and so long as the township existed, acted as trustees under the will. For some years the township trustees supported a school under their own control on said section, and afterwards for other years paid that portion of the fund into the township school fund. In 1870 the township was annexed to the city of Cincinnati, and since that time the city has collected the rents, but instead of paying any money “for the support of- one or more protestant schools on said fractional section twenty-nine ” has added the rents (not paid out to other beneficiaries under the will) to the general fund of the city.
The plaintiff maintained a protestant school on said section and claims that it is the only one. Neither the township nor its trustees ever selected this school as one to be supported by the fund. In 1877 it began an action against the city and others, asking judgment for all of said portion of said fund for each and every year beginning on April 23, 1853. The answer denied plaintiff’s title. The common pleas dismissed the action. An appeal carried it to the district court, and that court reserved the case for decision here.
Held: The plaintiff is not entitled to said share of said fund.
Leaving undetermined all questions touching the capacity of the trustees, the validity of the bequest or devise, and the power of a court, on application by a beneficiary entitled to a share of the fund to appoint a trustee, and to establish *280 and direct a cy pres administration of the trust, the plaintiff’s action is dismissed at its costs.